## Marcinkowski v. McDevitt

*H. O. Bechtel*, for plaintiff.

*M. V. McGuire*, for defendant.

HOUCK, J., January 6, 1936.—The bill was filed on June 17, 1935, and service was accepted by defendant's attorney on the same day. On July 16, 1935, defendant filed an answer raising preliminary objections to the bill, the single objection being that plaintiff has a full, complete and adequate remedy at law. Plaintiff did not amend his bill within 10 days, nor did defendant order the case on the argument list within 10 days thereafter, nor did she file an answer to the bill. On October 25, 1935, on plaintiff's præcipe, the bill was taken pro confesso. Thereupon defendant took a rule on plaintiff to show cause why the decree pro confesso should not be opened and the defendant permitted to defend. This is the rule which is now before us for disposition.

It is to be noted that the rule is to open and not to strike off the decree. Before a decree is opened, it should appear that the petitioner has a meritorious defense and that something would be accomplished by opening the decree. The petitioner does not allege that she has any defense nor does she set out any. Under these circumstances, opening the decree would be arbitrary and in the teeth of the equity rules.

The proceeding here is governed by equity rules 48 and 49. Where preliminary objection to the bill is made, as it was here, the plaintiff may, within 10 days thereafter, amend as of course. If he does not amend, the defendant may within 10 days thereafter order the case upon the argument list for a hearing, "otherwise all further objections will be deemed waived and defendant must answer within an additional ten days." The plaintiff did not amend and thereupon it was defendant's duty to order the case on the argument list within 10 days. Having failed to do this, it was her duty to file an answer within

672

an additional 10 days. Since she did not file an answer, her objection must be deemed waived.

Defendant relies on Strizak et al. v. Danacko et al., 11 D. & C. 150. That case was decided in this jurisdiction before our rules of court provided for the placing of cases on the argument list by præcipe to the prothonotary. Besides this, the application there was to strike off the decree and not to open it. We have already demonstrated the lack of ground for opening the decree and the Strizak case is not authority in support of defendant's position.

And now, January 6, 1936, the rule to show cause why the decree pro confesso should not be opened is discharged.